I agree with the majority's conclusion in this case but would reach that result by a slightly different route. First, I believe the majority's discussion of the court's denial of appellant's motion for preliminary injunction is unnecessary. Appellant has not assigned error to the court's denial of preliminary injunctive relief, so any review of this order is inappropriate.
Appellant's motion to stay proceedings on its claims against Smith pending arbitration was, I believe, inconsistent with appellant's claim for injunctive relief pending arbitration and was properly denied. There is simply no logical basis to stay, pending arbitration, a claim for relief pending arbitration. Therefore, the trial court did not abuse its discretion by denying the motion for stay of proceedings against Smith.[1]
I agree with the majority that the simple fact that appellant sought an injunction does not remove this dispute from the scope of the arbitration clause or render this dispute inarbitrable. The only injunction appellant sought was an injunction pending arbitration; it is nonsensical to argue that such a request would preclude arbitration. For the same reason, appellant's complaint for an injunction pending arbitration cannot waive appellant's right to demand arbitration.
However, I am troubled by the lack of evidence in the record that appellant attempted to invoke the arbitration clause before it filed this action or that Smith failed to perform. R.C. 2711.03 allows a party aggrieved by the alleged failure of another to perform under a written agreement for arbitration to petition the court to compel arbitration; I see no evidence that this precondition to suit has been met. Given the history of this case, however, including Smith's reluctance to proceed to arbitration, and his failure to deny that the dispute would be arbitrable but for the action for injunctive relief, I believe Smith's refusal to arbitrate can now be assumed, and an order compelling arbitration is appropriate. Consequently, I agree with the majority that the trial court's judgment should be reversed and this matter should be remanded for an order compelling arbitration.
[1] A stay with respect to appellant's claims against Wyatt, Watson may have been appropriate, but those claims were voluntarily dismissed without prejudice and are not part of this appeal. Appellant can refile the claims against Wyatt, Watson, so it cannot demonstrate any prejudice from the trial court's refusal to stay proceedings on these claims.